**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JONATHAN L. G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  22-CV-351-MTS |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jonathan L. G. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision denying benefits.

### Social Security Law and Standard of Review

Disability under the Social Security Act ("SSA") is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the SSA "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant—taking into account his age, education, work experience, and RFC—can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id*. at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc.*

*Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). However, a court may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On May 26, 2020, Plaintiff filed an application for Title II disability insurance benefits, 42 U.S.C. § 401, *et seq.*, under the SSA. (R. 12, 201–02). He alleged an inability to work beginning on June 1, 2020[1], due to limitations resulting from bipolar I disorder. (R. 100). Plaintiff was forty-five years old at the time of the ALJ's decision. (R. 25). He has at least a high school education and past relevant work as a ranch hand. *Id.*

Plaintiff's application was denied both initially and upon reconsideration. (R. 11, 131–41). At Plaintiff's request, ALJ Luke Liter conducted an administrative hearing on October 28, 2021. (R. 11, 66–97). The hearing was held by teleconference pursuant to COVID-19 procedures. *Id.* ALJ Liter issued a decision on November 23, 2021, denying benefits and finding Plaintiff not

---

[1] The Court notes Plaintiff amended his alleged onset date from October 29, 2018, to June 1, 2020. This was done October 11, 2021. (R. 211).

disabled. (R. 8–31). Plaintiff sought review by the Appeals Council, which was denied on May 24, 2022. (R. 1–7). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since June 1, 2020. (R. 13). At step two, he found Plaintiff suffered from the severe impairments of alcohol use disorder, bipolar disorder with psychotic features, and amphetamine use disorder. (R. 14). The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. *Id.* Based upon his consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained "the [RFC] to perform a full range of work at all exertional levels" with the following additional limitations:

> The claimant can perform tasks where interpersonal contact is incidental to the work performed. The claimant can understand, remember, and carry out simple tasks learned by rote with limited variables and little judgment required. The claimant can work under supervision that is simple direct, and concrete. Public contact should not be part of the job duties. The claimant can adapt to a work situation.

(R. 16).

At step four, the ALJ determined Plaintiff was unable to perform his past relevant work as a ranch hand. (R. 25). After consultation with a vocational expert ("VE"), the ALJ concluded at step five that Plaintiff could perform the representative jobs of optical goods worker, laundry classifier, and industrial cleaner, all of which he found existed in significant numbers in the national economy. (R. 26). As a result, the ALJ found Plaintiff had not been under a disability from June 1, 2020, through the date of the decision. *Id.*

4

**Errors Alleged for Review**

Plaintiff argues the Commissioner erred by "failing to incorporate the functional limitations opined by Dr. Snider, Ph.D., into the claimant's [RFC], despite finding the medical opinion persuasive." (Docket No. 18 at 6). Additionally, Plaintiff contends the ALJ failed to address inconsistencies between Drs. Snider and Lindsay's opinions. *Id.* at 11–14. Lastly, Plaintiff asserts the ALJ "erred by failing to incorporate all of the Plaintiff's functional limitation[s] into a hypothetical question posed to the VE." *Id.* at 16. In response, the Commissioner asserts the ALJ properly evaluated the evidence, and the decision is supported by substantial evidence. (Docket No. 20 at 5). Further, the Commissioner contends that, if the ALJ had committed such an error, it would be harmless "[b]ecause the additional social limitations [identified in the RFC] would not preclude the performance of the representative occupations identified [by the VE]." *Id.* at 1–2.

**The ALJ's RFC Determination**

For claims filed after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these rules, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must "articulate" in the decision how persuasive he finds each medical source's opinion by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). These factors include: (i) supportability; (ii) consistency; (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship); (iv) specialization; and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim

5

or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[2]

Importantly, the limitations identified by an ALJ when assessing "paragraph B" criteria do not constitute an RFC assessment, as the mental RFC requires a more detailed assessment of the claimant's mental functioning. SSR 96-8p, 1996 WL 374184, at *4 ("The adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."). In fact, the finding of a moderate limitation for the "paragraph B" criteria does not necessarily translate to a work-related functional limitation for purposes of the RFC assessment. *See, e.g., Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) (noting that "[t]he ALJ was under no obligation to include limitations in social functioning in [the] RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis."); *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.").

As to the paragraph B criteria, the ALJ found Plaintiff to have moderate limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace. (R. 14–15). The ALJ found Plaintiff to be mildly limited in adapting or managing oneself. *Id.* at 15. Concluding his findings as to step 3, the ALJ noted that

---

[2] Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how he considered the other factors. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

the paragraph B limitations are not an RFC assessment, "but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." *Id.* at 16. The ALJ then thoroughly discussed the evidence of record, including the opinions of state agency psychological consultants, Drs. Brian Snider and Gary Lindsay. *Id.* at 24–25.

The ALJ began his discussion of the consultants' opinions with Dr. Snider's initial Disability Determination Explanation, noting the doctor's findings that Plaintiff could "relate to supervisors and peers on a superficial work basis[;] however, would work best in a setting with infrequent contact and longer periods of solitary work but unable to interact appropriately or tolerate contact with the public." (R. 24).

Upon reconsideration, Dr. Lindsay's Disability Determination Explanation found Plaintiff could "work where interpersonal contact is incidental to the work performed. . . . [Plaintiff is] [a]ble to work under supervision that is simple, direct, and concrete[, but] [u]nable to relate to the general public." *Id.* Ultimately, the ALJ concluded the limitations articulated by Dr. Lindsay were more consistent and persuasive than those found by Dr. Snider. *Id.* However, the ALJ did note that he considered Drs. Snider and Lindsay's moderate and mild limitations for the paragraph B criteria to be persuasive and consistent with the evidence. *Id.*

Plaintiff insists that, "[b]y adopting all of Dr. Snider's mild and moderate limitations to be persuasive, the ALJ adopted the entirety of the [mental] RFC section of Dr. Snider's opinion," in addition to adopting "the entirety of the [mental] RFC of Dr. Lindsay's opinion." (Docket No. 18 at 12). Therefore, Plaintiff asserts, the ALJ erred by both failing to incorporate all of Dr. Snider's functional limitations into the RFC and by not reconciling inconsistencies between Drs. Snider and Lindsay's opinions. *Id.* The Court is unpersuaded by such an argument. "[T]he Tenth Circuit has consistently rejected the argument that a finding of moderate limitation at steps two or three

7

mandates a specific limitation in the RFC." *Hughs v. Berryhill*, No. CIV-17-112-F, 2018 WL 1528828, at *5 (W.D. Okla. Mar. 5, 2018), *report and recommendation adopted*, 2018 WL 1528195 (W.D. Okla. Mar. 28, 2018); *see Miranda R. A. v. Kijakazi*, No. 20-cv-00453-NDF-SH, 2022 WL 3137424 (N.D. Okla. July 5, 2022), *report and recommendation adopted*, 2022 WL 3104832 (N.D. Okla. Aug. 3, 2022).

Additionally, Plaintiff cites no controlling caselaw supporting the assertion that an ALJ's adoption of a consultant's paragraph B limitations is a *per se* adoption of the entire opinion. The ALJ stated he found the moderate and mild limitations noted for the paragraph B criteria to be persuasive, as is reflected in the ALJ's step 3 findings, not that he adopted Drs. Snider and Lindsay's opinions in full. (*See* R. 16, 104, 120). In fact, the ALJ specifically stated he found Dr. Lindsay's opinion to be more consistent and persuasive than Dr. Snider's, suggesting that he did not intend to adopt Dr. Snider's opinion in its entirety. (R. 24). This interpretation is further supported by the ALJ's concluding statements in which he reiterated his RFC findings as being "supported by the treatment records of Dr. McClure and the DDS opinion of Dr. Lindsay." (R. 25). Therefore, the ALJ did not err in not incorporating Dr. Snider's functional limitations, nor did he err by failing to address nonexistent inconsistencies, as Dr. Snider's opinion was not adopted in full.

**Step Five Hypothetical**

Plaintiff's last argument is that "the Vocational Expert was not asked any hypothetical questions that related to 'infrequent' or 'occasional' interpersonal contact, or the need to work in solitude." (Docket No. 18 at 16). As discussed above, the ALJ did not adopt Dr. Snider's findings that Plaintiff "would work best in a setting with infrequent contact and longer periods of solitary work" and therefore did not include Dr. Snider's functional limitations. (R. 24). The ALJ did

present a hypothetical question to the VE which included the limitations he adopted in the RFC. (R. 90–91). Thus, the ALJ did not err at step five. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for the denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment.") (citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993)).

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **AFFIRMED**.

IT IS SO ORDERED this 29th day of September, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT